Argued 24 July; decided 15 August, 1901.

**MATTSON v. ASTORIA.**

[ 65 Pac. 1066; 6 Munic. Corp. Cas. 591.]

CONSTITUTIONALITY OF STATUTE DENYING ALL REMEDY FOR A WRONG.

The constitutional provision (Const. Art. I, § 10,) guarantying to every person a remedy by due course of law for injury in person, property, or reputation, was intended to preserve the common-law right of action for injury, so that, while the remedy or form of procedure may be changed, or conditions may be attached to its exercise, some remedy must remain ; thus, a city charter giving to the council of the municipality the control of the streets, and authority to raise money for their repair, and providing that neither the city nor any member of the council shall be held liable for any damages resulting from any defective street, is repugnant to the right to a remedy guarantied by the constitution, and is void in so far as it is so in conflict.

From Clatsop :   THOS. A. McBRIDE, Judge.
39 OR.— 37.

Action by Susan Mattson, as guardian *ad litem* for Henry Mattson, against the City of Astoria. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *A. M.* and *John H. Smith*, with an oral argument by *Mr. Andrew M. Smith*, City Attorney.

For respondent there was a brief over the names of *Fred L. Keenan* and *George Noland*, with an oral argument by *Mr. Noland*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action against the City of Astoria to recover damages for an injury alleged to have been caused by its failure to keep one of its public streets in repair and suitable for travel. The validity of a clause of the city charter exempting the city and the members of the council from liability in such cases is the only question presented by this appeal. By its charter, the city, the power and authority of which are vested in the mayor and common council (Laws, 1891, p. 280), is given control and management of the streets, and authority to raise money for their improvement and repair (Laws, 1895, p. 556, §§ 75, 77, 79); and the common council is vested with the express authority ''to assess, levy, and collect taxes for general municipal purposes,'' and to provide ''for the cleaning and repairing'' of streets (Laws, 1895, p. 564, § 38). The charter also provides that ''neither the City of Astoria nor any member of the council thereof shall in any manner be held liable for any damages resulting from a defective condition of any street, alley, or highway thereof'': Laws, 1895, p. 572, § 149. The court below held this clause void, because repugnant to the state constitution (Art. I, § 10), which provides that ''every man shall have

remedy by due course of law for injury done him in person, property, or reputation," and in this view we concur. That it is within the power of a legislature to exempt a city from liability to persons receiving injuries on account of streets being defective or out of repair, is unquestioned : *O'Hara* v. *City of Portland*, 3 Or. 525. But in such case the injured party is not wholly without remedy. He may proceed personally against the officers to whom the charter delegates the duty of keeping the streets in repair, and from whose negligence the injury resulted. "It is settled law in this court," says Mr. Justice FINCH, "that one who assumes the duties and is invested with the powers of a public officer is liable to an individual who sustains special damage by a neglect properly to perform such duties": *Bennett* v. *Whitney*, 94 N. Y. 302. Mr. Justice SWAYNE says : "The rule is well settled that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct": *Amy* v. *Supervisors*, 78 U. S. (11 Wall.) 136. See, also, 1 Shearman & Redfield, Neg. (5 ed.) § 313 ; 1 Dillon, Mun. Corp. (4 ed.) p. 325, note ; *Rankin* v. *Buckman*, 9 Or. 253 ; *Ball* v. *Woodward* (C. C.), 51 Fed. 646 ; *Robinson* v. *Chamberlain*, 34 N. Y. 389 (90 Am. Dec. 713); *Hover* v. *Barkhoof*, 44 N. Y. 113 ; *Tearney* v. *Smith*, 86 Ill. 391 ; *Butler* v. *Ashworth*, 102 Cal. 663 (36 Pac. 922); *Nowell* v. *Wright*, 3 Allen, 166 (80 Am. Dec. 62). A provision, therefore, of the city charter exempting the city from liability for damages resulting from defective streets is not violative of the constitutional provision referred to, because it does not wholly deny the injured party a remedy for the wrong suffered.

The charter provision in question, however, goes further. It provides that neither the city nor any member

of the council shall be liable, and, if valid, prevents a common-law action against the members of the council for their negligent acts or omission, and is practically, therefore, a denial of any remedy, as they are the only officers charged with the duty of keeping the streets in repair. The constitutional provision guarantying to every person a remedy by due course of law for injury done him in person or property is found in the constitutions of many of the states, and means, as said by the Supreme Court of Missouri, "that for such wrongs as are recognized by the law of the land the courts shall be open and afford a remedy" (*Landis* v. *Campbell*, 79 Mo. 433, 439, 49 Am. Rep. 239); or, as interpreted by the Supreme Court of Wisconsin, "that laws shall be enacted giving a certain remedy for all injuries or wrongs" (*Flanders* v. *Town of Merrimack*, 48 Wis. 567, 575, 4 N. W. 741). It was intended to preserve the common-law right of action for injury to person or property, and while the legislature may change the remedy or the form of procedure, attach conditions precedent to its exercise, and perhaps abolish old and substitute new remedies (*McClain* v. *Williams*, 10 S. D. 332, 73 N. W. 72; *Reining* v. *City of Buffalo*, 102 N. Y. 308, 6 N. E. 792), it can not deny a remedy entirely. It is immaterial, therefore, whether a municipal corporation is technically liable at common law for negligence in not keeping its streets in repair, because, as said by Mr. Justice EARL in *Fitzpatrick* v. *Slocum*, 89 N. Y. 358, "there must be a remedy in such a case, where one is injured, without any fault of his own, by a defect in one of the streets or bridges of the city,— either against the city or some one of its officers." And the charter of Astoria attempts to deny both. Whether a municipal corporation was liable to a common-law action or not, its officers were so liable to an individual specially damaged by their negligent act or omission;

and the charter provision under consideration attempted to take away the remedy against the officers, as well as against the city, and is therefore void.        AFFIRMED.

Decided 1 August; on rehearing 9 December, 1901.