Submitted on briefs February 15, reversed November 27, submitted on petition for rehearing December 18, petition for rehearing denied December 29, 1928.

VIRGINIA M. STEWART *v.* J. O. HOUK ET AL.

(271 Pac. 998; 272 Pac. 893.)

For appellant there was a brief over the name of *Messrs. Davis & Harris.*

For respondents there was a brief over the name of *Mr. E. L. McDougal.*

ROSSMAN, J.—The sole problem presented to us is whether Chapter 342 of the 1927 Session Laws is in conflict with the Oregon Constitution.

The act provides:

"Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of Oregon, and while so riding as such guest receives or sustains an injury, such person shall have no right of recovery against the owner or driver of such motor vehicle, and in the event that such person while so riding as such guest is killed or dies as a result of injury sustained while so riding as such guest, then neither the estate nor the legal representatives of such guest shall have any right of recovery against the driver or owner of said car by reason of the death of the said guest, and if such person so riding as a guest be a minor and sustain an injury or be killed or die as a result of injury sustained while so riding as such guest then neither the parents nor guardian nor the estate nor legal representatives of such minor shall have any right of recovery against the driver or owner of said car for injury sustained or as a result of the death of such minor. Acceptance of a free ride as a guest in a motor vehicle shall be presumed to be a waiver of said guest of liability for accidental injury caused by (the) owner or driver of such motor vehicle."

Article I, Section 10, Or. Const., provides: " * * and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

█ The purpose of this provision is to save from legislative abolishment those jural rights which had become well established prior to the enactment of our Constitution. Such has been the frequent pronouncement of this court: *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687); *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287); *Theiler* v. *Tillamook County,* 75 Or. 214 (146 Pac. 828); *Pullen* v. *Eugene,* 77 Or. 320 (146 Pac.

822, 147 Pac. 768, 1191, 151 Pac. 474, Ann. Cas. 1917D, 933); *Humphrey* v. *Portland,* 79 Or. 430 (154 Pac. 897); *Caviness* v. *City of Vale,* 86 Or. 554 (167 Pac. 95); *Gearin* v. *Marion County,* 110 Or. 390 (223 Pac. 929); *West* v. *Jaloff,* 113 Or. 184 (232 Pac. 642, 36 A. L. R. 1391). The federal Circuit Court for the District of Oregon has declared to similar effect: *Eastman* v. *Clackamas County,* 32 Fed. 24. The language of Mr. Chief Justice BEAN, in *Mattson* v. *Astoria, supra,* makes very clear the intent of the foregoing constitutional provision; we quote as follows:

"The constitutional provision guaranteeing to every person a remedy by due course of law for injury done him in person or property is found in the constitution of many of the states, and means, as said by the Supreme Court of Missouri, 'that for such wrongs as are recognized by the law of the land the courts shall be open and afford a remedy' (*Landis* v. *Campbell,* 79 Mo. 433, 439 (49 Am. Rep. 239); or, as interpreted by the Supreme Court of Wisconsin, 'that laws shall be enacted giving a certain remedy for all injuries or wrongs' (*Flanders* v. *Town of Merrimack,* 48 Wis. 567, 575 (4 N. W. 741). It was intended to preserve the common-law right of action for injury to person or property, and while the legislature may change the remedy or the form of procedure, attach conditions precedent to its exercise, and perhaps abolish old and substitute new remedies (*McClain* v. *Williams,* 10 S. D. 332 (73 N. W. 72, 43 L. R. A. 287); *Reining* v. *City of Buffalo,* 102 N. Y. 308 (6 N. E. 792), it cannot deny a remedy entirely. It is immaterial, therefore, whether a municipal corporation is technically liable at common law for negligence in not keeping its streets in repair, because, as said by Mr. Justice EARL in *Fitzpatrick* v. *Slocum,* 89 N. Y. 358, 'there must be a remedy in such a case, where one is injured, without any fault of his own, by a defect in one of the streets or bridges of the city,—either against the city or some one of its

officers.' And the charter of Astoria attempts to deny both. Whether a municipal corporation was liable to a common-law action or not, its officers were so liable to an individual specially damaged by their negligent act or omission; and the charter provision under consideration attempted to take away the remedy against the officers, as well as against the city, and is therefore void."

In *Theiler* v. *Tillamook County*, the language of Judge DEADY in *Eastman* v. *Clackamas County, supra,* was adopted. The portion of Judge DEADY's decision quoted was the following:

"Whatever injury the law, as it then stood, took cognizance of and furnished a remedy for, every man shall continue to have a remedy for by due course of law. When this Constitution was formed and adopted, it was and had been the law of the land, from comparatively an early day, that a person should have an action for damages against a county for an injury caused by its act or omission. If this then known and accustomed remedy can be taken away in the face of this constitutional provision, what other may not? Can the legislature, in some spasm of novel opinion, take away every man's remedy for slander, assault and battery, or the recovery of a debt? and, if it cannot do so in such cases, why can it in this?"

From the recent decision in *West* v. *Jaloff*, we quote as follows:

"It is contended that the clause in subdivision 21, *supra,* which, after prescribing that ambulances, among other vehicles mentioned, shall have the right of way under certain conditions, provides that 'this act shall not protect the driver of any such vehicle from consequences resulting from the arbitrary exercise of this right or for injuries wilfully inflicted,' restricts defendant's liability to these causes, and, in effect, relieves him from liability for mere

common-law negligence. This construction takes away from an injured person a good common-law remedy for a private injury committed by a private citizen and gives him an emasculated remedy wholly inadequate under many conditions. Perhaps, if the section should be construed as referring to the criminal liability of the driver, it might be upheld. But ever since the cases of *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687, 6 Munic. Corp. Cas. 591), and *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287, 8 N. C. C. A., 142, note), it has been the settled law of this state that the common-law remedy for negligently inflicted injuries could not be taken away without providing some other efficient remedy in its place. The defendant is therefore liable for ordinary negligence here, if such negligence is the proximate cause of the injury. * * "

Other courts in jurisdictions having a similar constitutional provision have held to like effect. See 12 C. J., Constitutional Law, §§ 1100–1103. Also *Rhines* v. *Clark,* 51 Pa. St. 96.

It is clear that the purpose of the act before us was to deprive a guest of redress in damages for an injury negligently inflicted upon him by his host if he was being transported without charge. The mere fact that the two did not intend that their legal rights should be such could not alter the situation; likewise, the act fixes the above as their legal rights, regardless of the capacity of the parties to contract for themselves; thus, for instance, a minor, below the age of discretion, is deprived of redress for an injury inflicted upon him through the negligence of the host; then also, the host is freed from liability, even though his negligent act may have been induced by the excessive use of an intoxicant, or other similar factor.

The purpose of the act is thus clear; likewise the constitutional provision needs no further elucidation. And from the clearly expressed purpose of the latter it must follow that if prior to the enactment of the Constitution a host, who transported without charge a guest, owed to the latter a duty to exercise care, and if the law recognized that a breach of that duty with a resultant injury afforded the guest a cause of action, this jural right the Constitution preserved against legislative abolishment.

■ That the host owed a duty to exercise for his guest's safety due care is not disputed by the defendant, and is well established by the authorities: Shearman & Redfield on Negligence (6 ed.), § 653 d; *Peters* v. *Johnson,* 124 Or. 237 (264 Pac. 459); *Rook* v. *Schultz,* 100 Or. 482 (198 Pac. 234); *Johnson* v. *Underwood,* 102 Or. 680 (203 Pac. 879); Blashfield's Cyc. of Automobile Law, 955.

■ The legislature thus sought to withhold jural significance from a breach of duty which previously was regarded as a cause of action. But the purpose of the constitutional provision was to safeguard those ancient rights and preserve as enforceable causes of action any breach of them which resulted in injury to another. The two purposes, being in conflict, the Constitution must prevail.

■ The defendant, however, argues that since the law has always permitted a guest to stipulate with his host for nonliability in the event of the latter's negligence, the act should be construed as supplying an implied stipulation to that effect, whenever the two undertake a journey. This argument requires nothing more than a construction of the words and intent of the act. As we have observed before, the guest is deprived of an opportunity to secure redress re-

gardless of his incapacity to contract, and regardless of the culpability of his host. The argument would possess more merit if the act supplied such a stipulation in the absence of any express agreement upon the part of the host and his guest. We reject the suggested interpretation as not submitting the legislative intent. Since the purpose of the act is not to modify the remedy, the form of procedure, attach conditions precedent to the exercise of the right, nor to achieve any other result unaffected by the constitutional inhibition, we conclude that judicial recognition must be withheld from the act.

The proponents of this act doubtlessly felt it was unjust that one who gratuitously conveys another in his automobile should be subjected to a claim for damages if an injury should befall the latter. But if the buttress erected by this constitutional provision for the safeguarding of long-established rights can be pierced by this piece of legislation, an entry will be effected through which may come other legislation in substitution for the safeguarded common-law rights. It is clear we possess no power to sanction the entry and the substitution.

We are aware of only three similar cases which have reached the appellate courts. In one of these, *Roy* v. *Kirn,* 208 Mich. 571 (175 N. W. 475), the act directed that the owner of the motor vehicle should be liable to the guest for its negligent operation; the validity of the act was not assailed, but its effect was declared by the court. In *Galloway* v. *Perkins,* 198 Ala. 658 (73 South. 956), and *Birmingham-Tuscaloosa Ry. etc. Co.* v. *Carpenter,* 194 Ala. 141 (69 South. 626), an act having a purpose somewhat akin to that before us was held invalid on the ground that it violated constitutional provisions which

deny the legislature the privilege of discriminating between classes.

It follows from the foregoing that the judgment of the Circuit Court must be reversed. REVERSED.

Petition for rehearing denied December 29, 1928.

ON PETITION FOR REHEARING.

(272 Pac. 893.)

For the petition, *Mr. E. L. McDougal.*

*Contra, Messrs. Davis & Harris.*

ROSSMAN, J.—In their petition for a rehearing the defendants call our attention to the recent Connecticut case of *Silver* v. *Silver*, 143 Atl. 240. In that case a statute, which released a voluntary host from liability for the injury of a guest, was assailed as invalid on the ground that it was in conflict with the constitutional provision, which guarantees equal protection of the laws. It preserved liability in those instances where the "accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The court interpreted the act as freeing the host from liability to a nonpaying guest for injury caused by ordinary negligence only. Disposing of the specific attack made upon the act the court held that it was proper for the legislature to segregate into one class the guest in an automobile as distinguished from all other guests. Since the act preserved liability in instances where the injury was inflicted intentionally, heedlessly or through reckless disregard for the rights of others, and withheld liability only to a nonpaying guest for ordinary

negligence, the court reasoned that the purpose of the act was to fix the measure of care a host owed to his guest. After observing that the police power of the state is broad enough to include the regulation of automobiles driven upon the public highways, it sustained the validity of the act as a proper exercise of the state's police power.

In our previous decision we pointed out what we believe are unreasonable features of the Oregon act. It seems to us that these identify our act, not as an effort of the police power to regulate the operation of automobiles by prescribing the duty of host to guest, but as one wherein this element of the situation remains untouched, and the sole change effected is the denial of the remedy to an injured guest. We are persuaded to this conclusion by the fact that all injured guests are denied access to the courts regardless of their capacity or incapacity to care for themselves, and regardless of the degree of carelessness exhibited by the injuring act. Such being the purpose of the act we felt it was in conflict with Article I, Section 10 of our Constitution. The Connecticut Constitution contains a similar provision: Article I, Section 12. No contention, apparently, was advanced in the Connecticut court that the act violated this constitutional guarantee, and the decision makes no mention of that clause. The reason for this silence, no doubt, lies in the fact that since the Connecticut act prescribes a degree of care, which was deemed reasonable, and thus accomplishes an objective, within the police power of the state, Article I, Section 12, was inapplicable. Such provisions as we pointed out before prohibit the legislature from withholding a remedy where the breach of a well-established duty has injured one who now seeks relief. In our case

the act does not endeavor to re-adjust the duty, but attempts to abolish the remedy; in the Connecticut case the act revised the duty, and afforded redress to all injured through a breach thereof.

We find no conflict between the Connecticut decision and the one we previously announced.

Petition for rehearing denied.

REHEARING DENIED.