Argued March 28, reversed and remanded April 4, 1950

# PETERSEN, as adm'r. *v.* ABRAMS AND LEATHAM
### 216 P. (2d) 664

*Wendell Wyatt* argued the cause for appellant. On the brief were Norblad, Wyatt & Norblad, of Astoria.

*Harry F. Samuels* argued the cause for respondent. With him on the brief was Duane Vergeer, both of Portland.

Before LUSK, Chief Justice, and BELT, BAILEY, HAY, and LATOURETTE, Justices.

520

BAILEY, J.

This action was brought by the administrator of the estate of Byron S. Petersen, deceased, against Oliver A. Abrams and Vern Leatham to recover damages for the alleged wrongful death of Byron S. Petersen. At about 1 o'clock a. m., on the 29th day of August, 1946, Petersen was riding as a guest passenger in a car owned and driven by Leatham when it collided, in the city limits of Seaside, Oregon, with an automobile owned and driven by Abrams, causing Petersen's death.

In the second amended complaint plaintiff alleges that defendant Leatham, at the time of the accident, "was operating his motor vehicle while intoxicated and with reckless disregard for the rights of others, and in particular for the rights of Byron S. Petersen." Leatham, after denying said allegation, alleges in his second, separate and affirmative answer and defense that,

"in the event the plaintiff by his evidence should prove that the defendant, Vern Leatham, was guilty of operating the vehicle he was driving while intoxicated, that in such event, the deceased, Byron S.

Petersen, was himself guilty of contributory negligence which proximately caused and contributed to his own injury and to the happening of his accident, in that he knew, or in the exercise of reasonable care would and should have known of the condition of defendant Vern Leatham while the said defendant was operating his said vehicle, and with full knowledge of the said condition of Vern Leatham willingly rode in the said vehicle and as a guest passenger in the car then and there being operated by defendant Vern Leatham.''

At the beginning of the trial of the case, on motion of plaintiff, the action as to defendant Oliver A. Abrams was dismissed.

The case was tried before the court and a jury. A verdict was returned in favor of defendant and from the judgment entered thereon plaintiff has appealed.

Plaintiff's brief contains only one assignment of error, which is as follows:

"The Court erred in giving the following instruction:

" 'If you decide that the defendant was intoxicated while driving his car at the time and place of the collision, and if you base that decision solely upon the evidence of the quantity of liquor drunk by the defendant prior thereto, then the deceased Byron Petersen must be charged with knowledge of that intoxication because all the evidence indicates that he and the defendant Leatham drank together throughout the evening at the same table, from the same bottle of whiskey and any person drinking with another throughout the evening in that manner must be required to use his ordinary powers of observation and to know the quantity of liquor being drunk by his drinking companion and if you jurors, as reasonable men and women, determine that that quantity of liquor is sufficient evidence to convince you of the defendant's intoxication, then the de-

ceased as a reasonable man, would be charged with a similar knowledge of the fact that intoxication would result from the drinking of such a quantity of liquor, and of course his riding in the car with the driver who had drunk such quantity of liquor under those circumstances would be contributory negligence which would bar his estate from any right to recover damages for a collision resulting therefrom.' ''

To the giving of the foregoing instruction plaintiff took the following exception:

''I would like to have an exception to your charge to the jury that the defendant's intoxication—to the effect that if the defendant is found to be intoxicated that the plaintiff's decendent must be charged with contributory negligence because of the fact he was out with the defendant all evening, on the ground and for the reason that this is still a question of fact; the jury should be satisfied that the decedent knew or should have known of the intoxication and also because of the fact that I feel that is a comment on the evidence.''

Walne Wallace was in the motor vehicle with Leatham and Petersen at the time of the accident. He testified that about 8 o'clock in the evening before the accident he and Petersen went to the 13 Club in Astoria, and ''we had possibly two at the most drinks before Vern Leatham came in and he had one drink; immediately right afterwards we went to Seaside and went directly to the * * * Shore Club''. Wallace furnished the whiskey which the three of them drank at Astoria and Seaside. He did not remember the brand; in his words, ''it was just nothing but probably one-fifth of blended whiskey.'' Asked about the number of drinks that Leatham had during the course of the evening, Wallace answered, ''Well not knowing or-

iginally whether the bottle was full in the first place, I am going to try to figure out how many one can consume out of a bottle from the Club, I would say we didn't have'' more than seven or eight each during ''the whole evening, if we had that many.'' He stated that there was no heavy drinking at the Shore Club; that ''we were there just a week night; nothing special to do and we had just gone down there for a few hours''; that all three of them sat at the same table during the entire evening; that they ''all saw each other drink whatever was consumed''; and that they left there between 12.30 and 1.00 o'clock in the morning.

Leatham testified that he met Wallace and Petersen at about 8.30 in the evening at the 13 Club where he had one drink out of Wallace's bottle, and that they were at the Shore Club ''possibly three and one-half to maybe four hours.'' In answer to the question about how much contact he had with Petersen during the night, he said: ''we talked a little and I wasn't at the table all the time myself, as well as Mr. Wallace and Mr. Petersen.'' He stated that he had had four or five drinks, ''Mixed drinks; seven-up'' at the Shore Club; that he had had those drinks in company with Petersen and they were all from the same bottle; that he had no drinks other than the one drink at the 13 Club and those from Wallace's bottle at the Shore Club; and that he was not intoxicated when he left the club, but that he was feeling fairly happy and lighthearted.

■■ A guest riding in an automobile, although not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising such care as an ordinarily prudent person would exercise under like circumstances. Annotation, 63 A. L. R. 1432. If he voluntarily rides in

an automobile driven by one who he knows, or in the exercise of ordinary care and prudence should know, is so intoxicated as to incapacitate him from safely and prudently driving it and under such condition proximately causes the accident, he is himself guilty of contributory negligence which will preclude his recovery of damages for any injuries he might sustain. 4 Blashfield's Cyclopedia of Automobile Law and Practice, (Permanent Ed.) § 2453, at p. 605; *Hartley v. Berg*, 145 Or. 44, 52, 25 P. (2d) 932; *Willoughby v. Driscoll*, 168 Or. 187, 120 P. (2d) 768, 121 P. (2d) 917.

3–5. In 4 Blashfield, *op. cit.*, at page 603, it is said:

"If the driver of a machine is intoxicated, to the knowledge of the passenger or guest, the obligation resting upon the latter to guard against the dangers of the highway is emphasized and heightened, and a guest's knowledge that the driver has been drinking is a matter for consideration in determining whether the guest was contributorily negligent.

"It is true that the fact that one rides as guest, knowing the driver to be more or less intoxicated, does not necessarily and of itself show such occupant to be contributorily negligent so as to preclude his recovering. * * * and, in any case where the driver, although intoxicated, has nevertheless conducted himself in a manner meeting all the requirements of due care, despite his intoxication, so that he is free from any negligence contributing to the accident, a guest cannot be deemed contributorily negligent in riding with him.''

This court has many times stated that the test, by which the care or want of care of an automobile passenger is to be determined, is what a reasonably prudent man, under the circumstances disclosed by the evidence, would have done, and that the determination thereof is ordinarily a question for the jury. *Hartley v. Berg*,

supra; *Koski v. Anderson,* 157 Or. 349, 71 P. (2d) 1009; *Pointer v. Osborne,* 158 Or. 573, 583, 76 P. (2d) 1134; *Willoughby v. Driscoll,* supra.

■ The fact that the jury might find, solely from the evidence of the quantity of liquor drunk by defendant Leatham, that he was intoxicated at the time of the accident does not form a basis from which the court can say, as a matter of law, that deceased knew or should have known of such intoxication or that he did not do what a reasonably prudent man, under the circumstances disclosed by the evidence, would have done.

■ We are of the opinion, after carefully considering the entire record, that it was for the jury to determine, under proper instructions, (a) whether defendant Leatham was intoxicated within the meaning of the guest statute, § 115-1001, O. C. L. A., and whether, if intoxicated, such intoxication was the proximate cause of the accident; (b) whether the deceased knew, or should have known, that defendant Leatham was intoxicated when he started to ride with him; and (c) whether the deceased did or did not do what a reasonably prudent man, under the circumstances, would have done. In taking from the consideration of the jury the matters covered by (b) and (c) the court committed error prejudicial to the rights of plaintiff, necessitating a reversal of the judgment. See Oregon cases previously cited.

The judgment appealed from is therefore reversed and the cause remanded to the circuit court for further proceedings not inconsistent herewith.