Argued October 17, reversed with directions November 14, 1952

# ADAIR, Adm'x of the Estate of Darius Adair, Deceased *v.* VALLEY FLYING SERVICE

250 P. 2d 104

*Howard K. Beebe,* of Portland, argued the cause for appellant. With him on the brief were Maguire, Shields, Morrison & Bailey, of Portland.

*C. S. Emmons* argued the cause for respondent. On the brief were Willis, Kyle & Emmons, of Albany.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and TOOZE, Justices.

### TOOZE, J.

This is an action for damages for the alleged wrongful death of Darius C. Adair, plaintiff's intestate, caused by an airplane accident. The case was tried to a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $10,000; defendant appeals.

Defendant Valley Flying Service is an Oregon corporation, engaged in an airport and airplane rental business at Sweet Home airport, near the city of Sweet Home, in Linn county, Oregon.

On September 18, 1948, one Frederick Richard Redding rented from defendant a plane for the purpose of flying for pleasure in the locality of the airport. Redding had rented a plane from defendant upon prior occasions and was an experienced pilot. When he rented the plane, Redding was accompanied by his friend, plaintiff's intestate, who became a passenger therein. Redding piloted the plane up a canyon at a height of approximately 30 feet above the trees growing therein and eventually collided with some of the trees, completely wrecking the plane and causing the deaths of both himself and plaintiff's intestate.

This action is brought by plaintiff Veta Adair, as administratrix of the estate of Darius C. Adair, deceased, for the benefit of herself, as widow, and for the benefit of two surviving minor children and dependents, of decedent, pursuant to the provisions of § 8-903, OCLA.

On September 13, 1950, plaintiff filed in the circuit court for Linn county her amended complaint which, omitting formal parts, alleges as follows:

I.

"That plaintiff is now the duly appointed, qualified and acting administratrix of the estate of Darius C. Adair, deceased.

"II.

"That the defendant is a corporation organized and existing under and by virtue of the laws of the State of Oregon, and that said defendant at all times herein mentioned was operating an airport and airplane rental business at the Sweet Home airport, Linn County, Oregon.

"III.

"That on or about the 18th day of September, 1948, Darius C. Adair in company with one Frederick Richard Redding approached Frank N. Reed, manager of the Valley Flying Service, and the said Redding requested that the defendant rent the said Redding a plane to fly around the locality and advised the said manager that he intended to take Darius C. Adair as a passenger.

"That the said Frederick Richard Redding was visibly intoxicated and considerably under the influence of intoxicating liquor at and prior to the time the defendant rented him the said airplane and allowed him to pilot the same, and that Darius C. Adair was also under the influence of liquor at said time and place when he became a passenger

in said plane, all of which the defendant knew, or by the exercise of due diligence could or should have known.

## "IV.

"That the said Darius C. Adair and the said Frederick Richard Redding were allowed to enter an airplane and the said Frederick Richard Redding was allowed to fly the same by the defendant while both the said Frederick Richard Redding and the said decedent Darius C. Adair were noticeably intoxicated.

"That the said Frederick Richard Redding took the plane off from the ground, flew up a canyon about 30 feet above the trees and made a steep turn to the left and flew into the trees causing the death of the said Frederick Richard Redding and Darius C. Adair.

"That the weather was good, there were no clouds and no unusual wind at the time and place the accident occurred, and plaintiff alleges that the airplane was flown into the trees by the said Frederick Richard Redding because he was intoxicated.

## "V.

"That the defendant negligently knowingly permitted and allowed Frederick Richard Redding to operate an airplane and to take Darius C. Adair as a passenger at a time when the said Frederick Richard Redding was under the influence of intoxicating liquor, and that this negligent act of the defendant in knowingly permitting the said Frederick Richard Redding to so operate said airplane while under the influence of intoxicating liquor was the proximate cause of the death of Darius C. Adair.

## "VI.

"That the said Darius C. Adair left surviving him as his widow the plaintiff, Veta Adair, and two surviving children, Marvin Adair, age 9 years, and James Adair, age 1½ years.

"VII.

"That the decedent at the time of his death was in good health, of the age of 31 years, and was earning in excess of $250.00 per month, and that had said decedent lived he would have contributed to the care and support of his said widow and said children a sum in excess of $10,000.00."

Defendant's answer consisted simply of a general denial. The defense of contributory negligence was not affirmatively pleaded.

■ A right of action for the wrongful death of a person is statutory. In this state it is governed by the provisions of § 8-903, OCLA, which partially provides as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former for the benefit of the widow or widower and dependents and in case there is no widow or widower, or surviving dependents, then for the benefit of the estate of deceased *may maintain an action at law therefore against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission.*" (Italics ours.)

Under the express provisions of this statute, the test of the right of a personal representative of a deceased person to maintain an action for wrongful death is whether the deceased person, had he lived, could have maintained an action against the alleged wrong-doer for an injury caused by the same act or omission.

■■ It is a well-established general rule in this state that contributory negligence is an affirmative defense that must be specially pleaded, or it is waived. However, there is a well-recognized exception to that rule.

If plaintiff's own evidence clearly discloses contributory negligence on his part, as a matter of law, or if the fact of such negligence is disclosed or put in issue by the allegations of the complaint, no recovery can be had by plaintiff, even though contributory negligence has not been specially pleaded as a defense. *Flatman v. Lulay Brothers,* 175 Or 495, 500, 154 P2d 535; 38 Am Jur, Negligence, 966, § 278; 65 CJS, Negligence, 926, § 198 (c).

In 65 CJS, Negligence, 926, § 198 (c), the rule is thus stated:

"The general rule requiring contributory negligence to be specially pleaded does not apply when contributory negligence is established as a matter of law. Such negligence may be availed of as a defense without a special plea thereof, *where the fact of such negligence is disclosed or put in issue by the allegations of the complaint,* in which case the question of contributory negligence may be raised by demurrer to the complaint. Likewise, where plaintiff's own evidence clearly discloses contributory negligence on his part, it operates to defeat his case, and may be availed of as a defense, without a special plea thereof, * * *. In order that defendant may rely on contributory negligence as a defense without pleading it, under this rule, plaintiff's evidence must clearly show such negligence as a matter of law, or, as otherwise stated, it must raise a presumption of such negligence; it is not sufficient that plaintiff's evidence merely tends to show that he was guilty of negligence, and defendant cannot introduce additional evidence to show such negligence. Contributory negligence must appear in plaintiff's evidence so clearly as to disprove the cause of action stated in the petition, * * *." (Italics ours.)

■ Contributory negligence is the neglect of the duty imposed upon all men to observe ordinary care for

their own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances. 38 Am Jur, Negligence, 858, § 181.

The law imposes on a person sui juris the obligation to use ordinary care for his own protection, the degree of which is commensurate with the danger to be avoided. *Burroughs v. Southern Pacific Co.,* 153 Or 431, 56 P2d 1145; *Carroll v. Grande Ronde Elec. Co.,* 47 Or 424, 84 P 389, 6 LRA NS 290.

In the briefs filed on this appeal and in the oral arguments before this court, the parties discussed at length the alleged negligence on the part of defendant. Defendant insists that the evidence offered as to intoxication on the part of Redding is insufficient to establish that fact; and further, that such evidence did not suffice to put defendant on notice that either Redding or plaintiff's intestate had been drinking intoxicating liquor. *Neither party argued the sufficiency of the pleadings.*

■ It is our opinion that the amended complaint fails to state facts sufficient to constitute a cause of action and was subject to demurrer on that ground. No demurrer was filed. However, it is firmly established by the decisions of this court that the failure of a complaint to state facts sufficient to constitute a cause of action is not waived by answer, and the question as to the sufficiency of a complaint may be raised at any time. It may be raised for the first time in this court, and it may be noted by the court of its own motion. It is unnecessary to cite the numerous decisions of this court in which these rules have been stated and restated.

■ Upon the face of the complaint (paragraph III

thereof, supra), it conclusively appears that the decedent, Darius C. Adair, was guilty of contributory negligence as a matter of law.

It is manifest that Redding was guilty of negligence in operating an airplane while he was under the influence of intoxicating liquor. By voluntarily becoming a passenger in the airplane operated by Redding when he, Redding, was visibly intoxicated as alleged, Darius C. Adair must be presumed to have acquiesced in such negligent operation. As a matter of law, he failed to exercise that degree of care for his own protection that a reasonably prudent person would have exercised in like or similar circumstances and, therefore, was guilty of contributory negligence.

In *Petersen v. Abrams and Leatham,* 188 Or 518, 523, 216 P2d 664, in speaking of the degree of care required of a guest in an automobile, this court said:

"A guest riding in an automobile, although not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising such care as an ordinarily prudent person would exercise under like circumstances. Annotation, 63 A.L.R. 1432. *If he voluntarily rides in an automobile driven by one who he knows, or in the exercise of ordinary care should know, is so intoxicated as to incapacitate him from safely and prudently driving it and under such condition proximately causes the accident, he is himself guilty of contributory negligence which will preclude his recovery of damages for any injuries he might sustain.*" (Italics ours.)

See also *Willoughby v. Driscoll,* 168 Or 187, 203, 120 P2d 768, 121 P2d 917.

Considering the nature of an airplane and what its operation in the air entails, the above rule applies

with particular force to one who enters an airplane as the guest of a pilot who is visibly intoxicated.

It appears from the allegations of the complaint that, had he lived, Darius C. Adair would have had no cause of action against defendant, growing out of the airplane accident, even conceding defendant's negligence as alleged. It follows, therefore, that no cause of action exists in favor of plaintiff.

The judgment is reversed, and this cause is remanded to the trial court with directions to dismiss the action.