Argued June 2, affirmed November 4, 1964

## ZUMWALT *v.* LINDLAND

396 P. 2d 205

*W. A. Franklin,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett & Des Brisay and Bernard Jolles, Portland.

*Duane Vergeer,* Portland, argued the cause for respondent. With him on the brief were Vergeer & Samuels and Frederick P. Roehr, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

This is an action for damages arising out of a personal injury sustained in an automobile accident.

The plaintiff was a guest passenger within the meaning of ORS 30.115. He appeals from a judgment entered on a verdict for the defendant.

Two young men had gone to a dance. Both had been drinking beer. There is no allegation or proof that either was intoxicated. The parties left the dance in the defendant's pickup truck. Shortly thereafter, the vehicle failed to negotiate a curve and left the highway.

From the plaintiff's description of the defendant's driving, the jury could have found that the host driver had disregarded even the limited duty that he owed to the plaintiff as a guest passenger. See *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960). However, the jury could equally well have found that the accident occurred because of a tire failure and without any fault on the part of the defendant.

An affirmative defense of contributory negligence was submitted to the jury. Three of the assignments of error relate to the submission of contributory negligence.

The defendant's answer had pleaded "assumption of the risk," in riding with the host driver under the circumstances, and two kinds of negligence: (a) in failing to leave the vehicle and (b) in failing to protest after the trip had started. The defendant contended that, if his driving was as bad as the plaintiff said it was, the plaintiff should have left the auto or at least should have remonstrated with the driver.

After all the evidence was in, the plaintiff moved to withdraw from the consideration of the jury the affirmative defense of "assumption of the risk." The trial court allowed the motion, but then permitted the defendant to amend his specifications of contributory

negligence to allege that the plaintiff was negligent "in riding in said motor vehicle at said time and place."

■ There was no evidence that the plaintiff was guilty of negligence in failing to dismount once the ill-fated trip was under way. The only meaning the amendment could have had, therefore, was to charge the plaintiff with negligently placing himself in a position of danger when he entered the vehicle after leaving the dance. (The specification of contributory negligence in failing to protest remained in the case and was submitted to the jury. The evidence was in conflict on this point, and no error is assigned to the submission of this specification to the jury.)

■ We believe the correct theory for the affirmative defense in a guest-passenger case is that of contributory negligence rather than a theory of assumption of the risk. "Assumption of the risk" is merely a short and frequently misleading way of saying a variety of things about the duty a defendant owes a plaintiff, or about the plaintiff's consent to some deviation from that duty. If there is no duty owed the plaintiff in a particular case, there is no liability for an injury. Prosser, Torts 450, § 67 (3d ed 1964); 2 Harper and James, The Law of Torts 1179-1192, § 21.5 (1956). But assumption of the risk has no place in the ordinary automobile-guest case.

In a typical automobile-guest case, the complaint alleges a breach of duty by the defendant driver. The defendant then alleges some fault on the part of the injured passenger which is said to have contributed to the injury sustained. In some cases we have fallen in with the defendant's characterization of a plaintiff who has negligently placed himself in a position of known danger as one who has "assumed the risk." See,

e.g., *Quigley v. Roath,* 227 Or 336, 362 P2d 328 (1961). It is more accurate, however, to characterize such a plaintiff as one who has been contributorily negligent. *Bockman v. Mitchell Bros. Truck Lines,* 213 Or 88, 95, 320 P2d 266, 69 ALR2d 152 (1958). And see *Adair, Adm'x v. Valley Flying Service,* 196 Or 479, 250 P2d 104 (1952). We hold that only the defense of contributory negligence is available in these cases. See *Ritter v. Beals,* 225 Or 504, 358 P2d 1080 (1961).

■■ The court correctly struck out the affirmative defense of assumption of the risk, but it does not follow that it erred in permitting the amendment, or in submitting the amended statement of the issue to the jury. A defendant in a guest-case is entitled to show that the plaintiff negligently placed himself in a position of peril. The principal question in such a case is whether the evidence supports the submission of the specification of this kind of contributory negligence to the jury.

In the case at bar, the plaintiff contends that the trial court, in striking out the defense of assumption of the risk, necessarily ruled that there was no evidence that the plaintiff placed himself in a position of danger. The plaintiff says the trial court erroneously changed its ruling by submitting contributory negligence to the jury upon evidence which it had previously determined to be insufficient to justify submitting assumption of the risk.

■ The crucial question in this case is not the nomenclature that the pleaders used, but rather the substantive question whether there was any evidence from which a jury could find that the plaintiff failed to measure up to a standard of care required of plaintiffs in cases of this kind.

Before deciding whether there was sufficient evidence of contributory fault on the part of the plaintiff to justify submitting the question to the jury, we must decide what standard of care is to be employed in the guest-passenger cases. In the present case, the trial judge was of the opinion that any want of care on the part of a plaintiff would, if a cause of his injury, bar recovery. He so instructed the jury. The plaintiff has assigned error to that instruction.

The plaintiff contends that he should not be barred unless his fault amounted to recklessness or wantonness. With some logic, the plaintiff argues that whatever the Oregon law may have been before the decision in *Williamson v. McKenna,* supra, it is now time to announce a new rule. Plaintiff says that the adoption in *Williamson v. McKenna* of the view of wanton misconduct found in the Restatement, 2 Torts 1293, § 500 (1934), calls for the adoption of the companion rule of the Restatement, 2 Torts 1261, § 482 (1934). Under the latter rule, a guest passenger injured by the wanton misconduct of his driver would not be barred by ordinary contributory negligence.

■ In cases not covered by the guest statute, this court has adopted the Restatement rule with reference to contributory negligence as a bar to wanton conduct on the part of the defendant. *Falls v. Mortensen,* 207 Or 130, 295 P2d 182 (1956) ; *Cook v. Kinzua Pine Mills Co. et al,* 207 Or 34, 293 P2d 717 (1956).

A number of states, with statutes similar to ORS 30.115, have applied the Restatement rule to automobile-guest cases. See 2 Harper and James, The Law of Torts 1213-1215, § 22.6 (1956). See also Annotation, 15 ALR2d 1165, 1177 (1951) ; Schantz, *Oregon's Guest Statute,* 1 Willamette L J 425, 449 (1961) ; Turk, *Comparative Negligence on the March,* 28 Chi-Kent L Rev

189, 203-204 (1950). Despite the weight of authority for the plaintiff's position, it is not certain that this court should change the rule that has been applied in this state. It should be remembered that in *Williamson v. McKenna* this court was not overturning prior decisions, but was analyzing the holdings in a large number of cases in order to restate the rule that appeared to have been followed under a variety of names. We adopted the Restatement definition of reckless conduct for the purpose of uniformity in applying the statute to particular cases, not for the purpose of changing the law.

While the results in some of our former cases which have dealt with the rights and duties of drinking companions in the context of ORS 30.115 can be reconciled with the rule contended for by the plaintiff, it is equally clear that at least some of our former decisions would have to be overruled. See, e.g., *Petersen v. Abrams and Leatham*, 188 Or 518, 216 P2d 664 (1950), in which we held that a guest passenger was under a duty of exercising such care as an ordinarily prudent person would exercise under the circumstances.

 In addition to the customary rule of following our former decisions unless they are shown to be in error, we have a further reason in this state for refusing to adopt a new rule with reference to the degree of contributory fault that will bar a guest passenger. The statute under which we are laboring has a legislative history that suggests in the strongest possible way that the Legislative Assembly intended to give host drivers as much immunity from liability as constitutionally possible.

 The legislative concern for this particular class of tort-feasor can be seen in the actions that took place after the original version of the statute was declared

unconstitutional in *Stewart v. Houk et al.,* 127 Or 589, 271 P 998, 272 P 893, 61 ALR 1236 (1928). The original statute allowed no recovery whatsoever, regardless of the degree of fault on the part of the defendant. After that statute was struck down as violative of Oregon Constitution, Art I, § 10, the statute was enacted in its present form. Oregon Laws 1929, ch 401. Recently, Oregon Laws 1961, ch 578, restored the "motivation test" of payment after that test had been rejected by this court. Noted 41 Or L Rev 133 (1962). Presented with the legislature's obvious solicitude for the host driver, we would be less than realistic to assume that the legislature intended to permit guest passengers to recover despite their contributory negligence. Accordingly, we adhere to the view expressed in our former cases that any negligence on the part of a guest passenger which contributes to the cause of his injury will bar his recovery.

We hold, therefore, that the trial court did not err in rejecting the plaintiff's theory concerning the degree of fault that would bar a plaintiff under the provisions of ORS 30.115.

Since we agree with the trial court as to the standard of care demanded of a plaintiff under the statute, we must now decide whether there was evidence of any negligence on the part of the plaintiff which contributed to his injuries.

■ Obviously, there is a point at either extreme where reasonable minds cannot differ, and the task of characterizing the plaintiff's conduct in terms of the ordinary, reasonable man must be withdrawn from the jury. However, the majority of cases will present a jury question as to whether or not the plaintiff knew, or should have known, that the driver was unfit to

drive. *Koski v. Anderson,* 157 Or 349, 71 P2d 1009 (1937).

■ The test of the plaintiff's duty to exercise due care, in the setting of the host and guest who have been drinking together, is set forth in *Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917 (1942). In the *Willoughby* case, we held that the plaintiff could not be barred unless he knew, or had reason to know, that the defendant's drinking had rendered him unfit to drive safely. If a reasonable, sober person in the position of the plaintiff would be chargeable with knowledge of the risk, then the plaintiff, whatever his condition, is equally charged. One may not negligently blind himself to obvious signs of danger and then be heard to say that he was unaware of the danger. If a passenger should have reason to know of the driver's inability to drive safely, the passenger will be barred if he then accepts the ride. *Bailey v. Rhodes, Adm.,* 202 Or 511, 276 P2d 713 (1954); *Adair, Adm'x v. Valley Flying Service,* supra; *Petersen v. Abrams and Leatham,* supra; *Hartley v. Berg,* 145 Or 44, 25 P2d 932 (1933).

■ If, in addition to the intake of alcohol, there is other evidence from which a jury could infer that the plaintiff knew, or that an ordinary, reasonable, and sober person in his place would have known, that the host driver had become incapable of safe driving, there is clearly a jury question.

In *Quigley v. Roath,* supra, there was evidence that all the parties had consumed a substantial amount of beer, and there was also evidence that the plaintiff knew that the driver was sleepy.

In *Adair, Adm'x v. Valley Flying Service,* supra, the plaintiff's knowledge of the defendant's condition

appeared in his complaint. Consequently, we held that the plaintiff was barred, as a matter of law, by contributory negligence.

In *Bailey v. Rhodes, Adm.,* supra, there was no evidence of outward manifestations of intoxication on the part of the driver, but the plaintiff knew that the driver had consumed a substantial volume of whiskey. With that knowledge, the plaintiff apparently withdrew from further concern about his surroundings. A jury could have inferred that he neither knew nor cared what was going on with reference to his driver's ability to drive. This type of indifference could be characterized as contributory negligence.

In challenging the sufficiency of the evidence of contributory negligence in the case at bar, the plaintiff points out that, except for drinking, there is virtually no evidence of behavior on the defendant's part that should have signaled to any observer that the defendant was unfit to drive. There is undisputed evidence that the defendant had consumed some "three or four bottles" and "two or three paper cups," or "about seven beers," and that the plaintiff knew it.

The question, then, comes down to this: Will evidence of the driver's drinking of a substantial amount of beer, known to the guest, and nothing more, support the submission of contributory negligence to the jury in a case brought under ORS 30.115? We hold that it will.

We need not decide, at this time, how much or how little beer at either end of the scale will require the court to withdraw the question from the jury. We do hold, however, that upon the evidence in the case at bar a jury could say that the amount of alcohol consumed was sufficient to put a reasonable man upon inquiry concerning the fitness of his driver to convey

him safely home. Upon such evidence, the jury could have found that the plaintiff failed to exercise that degree of care that a reasonable person would have exercised for his own safety.

There was no contention that the defendant was intoxicated. However, a jury could have considered from the youthfulness of the parties and from the manner in which they had been spending their time immediately prior to the accident that the defendant's ability to operate his vehicle safely had become impaired and that a reasonable person in the plaintiff's position should have known that it was unsafe to ride with the defendant under all the circumstances.

■ The instructions covered the duties of both parties in detail, and there is no reason to believe that the jury had any doubt about the issues to be decided. It was clear from other instructions that the jury was to evaluate conflicting testimony upon such questions as the manner in which the defendant drove the truck, the protests, if any, lodged by the passenger, and the significance of an evening spent by two young men in consuming beer. The effect which that activity may have had upon the conduct of both parties was a matter for the jury to consider.

■ The next question presented in this appeal is whether, in an action for damages brought under ORS 30.115, a plaintiff may present to a jury in one count an allegation that the defendant drove his automobile in a grossly negligent manner and in a second count an allegation that the defendant drove his automobile in a wanton manner. The count for wanton misconduct was relied upon as the foundation of a prayer for punitive damages.

After *Williamson v. McKenna,* supra, any conduct reckless enough to render a defendant liable under

ORS 30.115 is also wanton misconduct. Therefore, it is surplusage to plead the same breach of duty twice. Consequently, there was no error in striking from the complaint the second count.

█ There was likewise no error in withdrawing from the jury the question of punitive damages. We do not need to decide in this case whether punitive damages could ever be recovered against a host driver for an unintentional tort. See *Olson v. McAtee,* 181 Or 503, 519-520, 182 P2d 979 (1947) (a medical malpractice case). In the case at bar, there was no evidence of misconduct so wanton that the law would deem it, for the purposes of assessing punitive damages, the equivalent of intentional wrongdoing. See *O'Harra v. Pundt,* 210 Or 533, 550, 310 P2d 1110 (1957); *Linkhart v. Savely,* 190 Or 484, 506, 227 P2d 187 (1951).

Affirmed.

SLOAN, J. dissenting.

There are several reasons for my dissent in this case. The majority does not answer with clarity plaintiff's assignments of error directed at the court's allowance of defendant's motions to amend and to the instructions given on contributory negligence. Plaintiff failed to except to the instruction given but it was part and parcel of plaintiff's objection to the amendment and that is not the basis of the majority decision. In instructing, the court did not clarify the issue and limit it to plaintiff's negligence, if any, in entering the car in the first place. The words of the amendment "in riding in said motor vehicle at said time and place" included, perforce, negligence during the ride. The instruction given included reference to plaintiff's alleged negligence "* * * immediately prior to and at the time of the accident * * *." The majority state, "That

there was no evidence that plaintiff was guilty of negligence in failing to dismount once the ill-fated trip was underway." The motion to amend should not have been allowed in the language used and the instruction should have limited the issue to conduct before entering the car.

In this case, as in many guest cases, there was absolutely nothing plaintiff could have done, after he entered the car, to have avoided his injury. The majority opinion recognizes this failure of proof but ignores it. In cases like this the jury should not be instructed on contributory negligence at all. The majority should so express itself so that this troublesome issue in the guest cases can be clarified. In other words, in most guest cases the plaintiff is either negligent when he enters the car or not at all. It is a rare case in which a guest has any real opportunity to extricate himself once he enters the car. We should face this reality.

In respect to the beer drinking there was not sufficient evidence to warrant submitting the issue to the jury. I see no reason why a trial judge should have any more difficulty passing upon the amount consumed and the effect of liquor than he experiences on the question of speed or other similar matters of degree. See, for example, the majority opinion in *Roehr v. Bean,* 1964, 237 Or 599, 392 P2d 248. The party, either plaintiff or defendant, who desires to charge intoxication should have the burden of proving some evidence of actual intoxication and not be permitted, as in this case, to play "footsie" with the issue and merely inject it for the jury's speculation.

And further, since in *Williamson v. McKenna,* 1960, 223 Or 366, 354 P2d 56, the court adopted the definition of gross negligence found in Section 500 of Restate-

ment, Torts, we should follow the better authority cited by the majority and adopt Restatement of Torts, Section 482, which reads:

"(1) Except as stated in Subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

"(2) A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto."

It is not enough to attempt to read into the guest statute a legislative intent to put every possible impediment in the way of a plaintiff in a guest case. It is just as logical to assume that the legislature, when considering the act, was equally aware of the common law rule expressed in the quoted Section 482 and did not alter that much of the common law relationship of host and guest. It is always difficult to read an intent into legislative silence. But in this instance it would have been most simple to have provided that ordinary negligence on the part of a plaintiff would bar him. In those few guest cases in which an instruction on contributory negligence is appropriate at all, the instruction should be in the language above quoted. The failure of the trial court to so instruct in the instant case has been plaintiff's principal assignment here. The assignment should have been allowed and the case returned for a new trial.