Argued October 10, affirmed December 6, 1967

FREYTAG, *Appellant, v.* ALLEN, *Respondent.*

434 P. 2d 475

*G. K. Jensen,* Eugene, argued the cause for appellant. On the brief were Roy Dwyer and Dwyer & Kelsay, Eugene.

*W. F. Flinn,* Eugene, argued the cause for respondent. On the brief were Jaqua, Wheatley & Gardner, Eugene.

Before Sloan, Presiding Justice, and Goodwin and Denecke, Justices.

## DENECKE, J.

Plaintiff's decedent was a guest passenger in an automobile driven by the defendant and was killed when the car ran off the road. This is a wrongful death action for damages for his death and is grounded upon gross negligence. The jury brought in a verdict for the defendant, and plaintiff appeals.

■ Plaintiff contends that the court erred in failing to remove the defense of contributory negligence from the jury's consideration. The plaintiff argues that there is no evidence in support thereof. Plaintiff admits that her decedent knew that the defendant had three drinks of whiskey in the space of about two hours before the accident. This evidence makes the contributory negligence of the guest a jury question. *Zumwalt v. Lindland,* 239 Or 26, 36, 396 P2d 205 (1964).

■ Upon oral argument the plaintiff urged that we overrule *Zumwalt v. Lindland,* supra, and hold that mere contributory negligence is not a defense to an action based upon a charge of wanton misconduct. We carefully considered that issue in the *Zumwalt* case and adhere to our decision that it is a defense.

Plaintiff also contends that the trial court erred in failing to give the following requested instruction:

"I instruct you that the Plaintiff need not prove that one single act of the Defendant was so negligent as to amount to gross negligence under the automobile guest statute, but rather the Plaintiff may establish gross negligence on the part of the Defendant by a series or combination of ordinary

negligent acts and this combination or series of negligent acts may constitute 'reckless conduct' within the meaning of the automobile guest statute, if taken together they indicate the so-called reckless state of mind. In other words, a combination of several acts of ordinary negligence might, under the circumstances of the case, constitute gross negligence when all the acts combined with the existing circumstances show a foolhardy attitude on the part of the driver."

The plaintiff argues in her brief: "The combination of sleepiness and the drinking of alcoholic beverages resulting in the loss of control of an automobile on the part of the defendant is a combination of negligent acts sufficient to constitute gross negligence and the jury should be so instructed."

■ The trial court covered the subject matter of the requested instruction in a manner which appears to us to be more understandable than the abstract propositions contained in the requested instruction. The trial court instructed as follows:

"* * * [Y]ou may consider any evidence introduced in the case relating to lack of sleep, being drowsy, or the use of alcoholic beverages in determining whether the defendant was grossly negligent by failing to operate his vehicle under proper control, if you find such to be the case.

"Now, sub-paragraph one relates to an allegation of driving at a high, reckless and unlawful rate of speed. I'm going to instruct you in the manner of which you may consider speed in this case. No person shall drive a vehicle upon the highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, and the hazards at intersections and any other conditions then existing. No person shall drive at a speed which is greater than will permit the driver to exercise proper control of the

vehicle and decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance upon or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care. Now, as I have indicated before, you may consider that instruction of the Court in connection with your determination of whether or not the defendant was guilty of gross negligence in connection with his control of the vehicle."

Affirmed.