Argued June 5, affirmed June 21, 1973

## FEKEN, *Appellant, v.* NATIONAL BEN FRANKLIN INSURANCE CO., *Respondent.*

510 P2d 1333

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the briefs was Darrell E. Bewley, Portland.

*Cleveland. C. Cory,* Portland, argued the cause for respondents. With him on the brief was Clarence R. Wicks, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is a wrongful death action brought by an insured, as administrator, to recover damages for the death of his minor son under the uninsured motorist provisions of an insurance policy. At the time of the accident the son was a guest passenger riding in an automobile owned and operated by another minor, Edward A. Hennes, an uninsured motorist.

The case was tried to the court, sitting without a jury. The court entered general findings of fact against plaintiff and in favor of defendant. Plaintiff appeals from the resulting judgment. We affirm.

Plaintiff's son and Edward Hennes went together to a "keg party." There was evidence sufficient to support a finding that both bcame intoxicated. On the way home, with Edward Hennes driving, his car ran off the road and into a power pole, killing plaintiff's son. After the accident Edward Hennes said that "he was too drunk to know if he was driving or not."

Plaintiff contends that there was clear evidence that Edward Hennes was driving while intoxicated, so as to impose liability to a guest passenger, and that there was no substantial evidence to support a finding that decedent was contributorily negligent in riding with Edward Hennes when he knew or should have known of Hennes' condition, as alleged by defendant as an affirmative defense.

In view of the general findings by the trial court against plaintiff and in favor of defendant we are required to affirm the judgment of the trial court if

there was any substantial evidence to support such findings. *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 217-18, 358 P2d 1062, 368 P2d 737 (1962).

In *Zumwalt v. Lindland,* 239 Or 26, 37, 396 P2d 205 (1964), under somewhat similar facts, and despite the absence of any contention that defendant was intoxicated, as in this case, we said that:

> "* * * a jury could have considered from the youthfulness of the parties and from the manner in which they had been spending their time immediately prior to the accident that the defendant's ability to operate his vehicle safely had become impaired and that a reasonable person in the plaintiff's position should have known that it was unsafe to ride with the defendant under all the circumstances."

In addition, as held in *Bailey v. Rhodes, Adm.,* 202 Or 511, 519, 276 P2d 713 (1954), the intoxication of plaintiff's son, if he was intoxicated, was no excuse for a failure on his part, as a guest passenger, to exercise the degree of care for his own safety that would have been exercised by a reasonably prudent person under like circumstances.

Without reciting the details of the beer party, the intoxication of Edward Hennes was admitted and upon examination of the record we find that there was substantial evidence to support a finding by the trial court that he was the driver of the automobile at the time of the accident and that plaintiff's son was guilty of contributory negligence in riding home with him.

It follows that there is no basis under the law upon which plaintiff can demand payment of damages by defendant for the tragic death of his son.

Affirmed.