Argued October 4, 1976, affirmed April 19, 1977

JOHNSON, *Respondent,*
*v.*
TILDEN, *Appellant.*
(No. 414 590, SC 24495)
562 P2d 1188

R. M. Atkinson, Legal Aid Service, Portland, argued the cause and filed the briefs for appellant.

No appearance for respondent.

Charles D. Burt, of Oregon Trial Lawyers Association, filed a brief as amicus curiae. On the brief were J. Michael Alexander, and Brown, Burt & Swanson, P.C., Salem.

[ 11 ]

HOLMAN, J.

## HOLMAN, J.

The case for decision presents the single issue whether the comparative fault statute, ORS 18.470,[1] applies to cases governed by the guest passenger statute, ORS 30.115.[2]

The guest passenger statute provides that a person who is injured while being transported as a guest in a motor vehicle shall not have a cause of action against the vehicle's owner or operator, "unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication." In the present case plaintiff's action was premised on defendant's gross negligence and intoxication. We have construed this statute to intend that contributory negligence by the passenger be a defense to the host's gross negligence. *Zumwalt v. Lindland,* 239 Or 26, 396 P2d 205 (1964).

The comparative fault statute provides that in an action to recover for personal injury or property damage, "contributory negligence shall not bar recovery * * * if the fault attributable to the person

---

[1] "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

[2] "No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"* * * * *.

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought * * *." In such a case the plaintiff is to recover damages diminished in proportion to his or her fault.

In the present case the trial court instructed the jury on comparative fault and refused to give defendant's requested instruction that contributory negligence on the part of the plaintiff would be a bar to recovery. The jury returned a verdict finding the fault attributable to each party to be 50 percent. The trial court then entered judgment for plaintiff passenger in the amount of one-half of her total stipulated damages. Defendant, the host driver, appeals, assigning as error the submission of comparative fault issues to the jury.

■ Although the transcript is not before us, the parties have stipulated that "the court's instructions were appropriate if the comparative fault statute applies in guest statute situations." We assume, therefore, that the jury was properly instructed that plaintiff, in order to have a cause of action, must prove that the accident was caused by defendant's gross negligence or intoxication. By its terms, the comparative fault statute covers cases tried on these theories. "Gross negligence" is defined in the guest passenger statute to mean

"* * * negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

ORS 18.470 provides that the plaintiff's contributory negligence does not bar recovery when the defendant's "fault" is equal to or greater than the plaintiff's fault. In the context in which it is used here, the term "fault," when given its ordinary meaning, includes driving while intoxicated or in a grossly negligent manner.

■ Defendant contends, however, that the application

of comparative fault principles in a guest passenger case is inconsistent with the policies underlying the guest passenger statute, as recognized in the decisions of this court, especially *Zumwalt v. Lindland, supra.* In that case, decided before the enactment of this state's first comparative fault statute, the plaintiff contended that because he could not recover without a showing that the defendant was grossly negligent, his recovery should not be barred by ordinary contributory negligence but should be barred only by a showing of gross negligence on his part. We rejected this argument, relying in part upon precedent and in part upon a "legislative history that suggests in the strongest possible way that the Legislative Assembly intended to give host drivers as much immunity from liability as constitutionally possible." 239 Or at 33. We briefly reviewed that legislative history and concluded:

> "* * * Presented with the legislature's obvious solicitude for the host driver, we would be less than realistic to assume that the legislature intended to permit guest passengers to recover despite their contributory negligence." 239 Or at 34.

As pointed out, the legislature has, since we made that statement, enacted the comparative fault statute which appears, by its terms, to permit partial recovery by negligent guest passengers.

Defendant points out that the comparative fault statute contains no express reference to guest passenger cases, or to actions based on gross negligence, and argues that the clear legislative intent to protect host drivers, recognized in *Zumwalt,* should prevail over the general terms of ORS 18.470. The legislative history of the statute does not support this argument.

The original version of ORS 18.470, enacted in 1971, provided for diminished recovery for a contributorily negligent plaintiff in an action "to recover

damages for negligence."[3] At that time, as now, "gross negligence" for purposes of the guest passenger statute was defined as "negligence which is materially greater than the mere absence of reasonable care," and which is characterized by "conscious indifference to or reckless disregard of the rights of others." We will assume, without deciding, that "gross negligence" as so defined is sufficiently unlike ordinary negligence to make the 1971 version of ORS 18.470 inapplicable to guest passenger cases on the reasoning that they are not actions "to recover damages for *negligence*."

In 1975, however, the legislature amended ORS 18.470 to eliminate the quoted language and to provide for diminished recovery based upon a comparison of plaintiff's fault with the *fault* of the defendant. The legislative history indicates that this change was a very deliberate one.

The original version of SB 797, which was enacted into law as 1975 Oregon Laws ch 599, would have amended ORS 18.470 as follows:

> "Contributory negligence, including assumption of the risk, shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence contributing to the injury was not [as great as] greater than the negligence or gross negligence of the person or persons against whom recovery is sought * * *." (Bracketed material deleted; underlined material added.)

On recommendation of the House Judiciary Committee SB 797 was revised to include the present provisions of ORS 18.470. As part of this revision, the reference to "negligence or gross negligence" was

---

[3]The original version of ORS 18.470 provided, in full, as follows:

"Contributory negligence, including assumption of the risk, shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence contributing to the injury was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of such negligence attributable to the person recovering."

[ 16 ]

deleted and replaced by the reference to defendant's "fault."

Representative Frohnmayer, who spoke in support of the revisions, furnished the committee with a memorandum summarizing this change, as follows:

> "Apportionment of damages is expressly extended to all actions to recover damages for injury to persons or property in which contributory negligence may properly be asserted as a defense." (Footnotes omitted.)

This memorandum characterizes this as a "substantial change" in the existing law.[4]

It is our opinion that SB 797 was intended from the outset to provide that comparative fault principles were to apply in actions premised on gross negligence, and that the revision which substituted the term "fault" for the reference to "negligence or gross negligence" was designed not to exclude actions based on gross negligence, but rather to include such actions, as well as any other actions based on tortious conduct, however described, in which contributory negligence is an appropriate defense.

The only express reference to the guest passenger statute we have found in the legislative history is the following exchange in the minutes of the same committee:

> "*Mr. Richard Rike* had prepared a proposed version of HB 2879 [a proposal similar to SB 797] * * *
>
> "Chairman Stults asked if the bill would have a collateral effect on so-called guest passenger cases and if it would be necessary to prove gross negligence to recover. Mr. Rike replied that the only effect it might have is that under the present status of court decisions, contributory negligence is a defense to gross negligence in a guest passenger case. That is the minority view, he

---

[4]Minutes, House Committee on the Judiciary, May 28, 1975, Appendix G.

said, Oregon being the only state that has held that way."[5]

As defendant points out, this exchange is not, of itself, a clear indication of legislative intent to alter the law governing guest passenger cases. At least, however, it is consistent with the other indications, which we do consider clear, of a legislative intent to extend comparative fault treatment to actions based on gross negligence. It is also an indication that the members of the committee were aware that guest passenger cases were among those actions.

Defendant argues that the result we reach in this case will overrule *Zumwalt.* The legislature may, of course, "overrule" *Zumwalt* if it wishes. We do not believe it has done so. The holding in *Zumwalt* was that ordinary negligence on the part of the guest passenger was a defense under ORS 30.115. At that time a successful defense of contributory negligence barred any recovery. As we construe ORS 18.470, ordinary contributory negligence on the part of a guest passenger will remain a partial defense, one which results in a diminished recovery rather than in no recovery at all.[6]

Although as a consequence host drivers have significantly less protection than they had before the passage of the comparative fault statute, the same is true of defendants in all cases based on "fault." The automobile host has not been stripped of all of his or her special protection under ORS 30.115. That statute

---

[5] Minutes, House Committee on the Judiciary, April 17, 1975. Defendant contends that the last sentence is inaccurate, citing cases to show that other states besides Oregon had adopted the position which we reaffirmed in *Zumwalt v. Lindland,* 239 Or 26, 396 P2d 205 (1964). We do not consider any such inaccuracy to be material to the limited significance of this exchange in determining the legislative intent.

[6] Because the notice of appeal fails to mention any error in entering judgment upon the special jury verdict, and because there is no indication that the matter was raised in the trial court, we have expressed no opinion upon what should result from the circumstance that the jury by its special finding that the parties were equally at fault may have found that the plaintiff was also grossly negligent.

still provides that a guest passenger has no cause of action unless the accident that caused the injuries sued for was the result of the host's gross negligence or intoxication, or was intentional.

The trial court did not err in submitting the question of comparative fault to the jury.

The judgment is affirmed.