Argued December 9, affirmed December 28, 1977

PHILPOTT, *Respondent,*
*v.*
JORDAN, *Appellant.*
(TC 94-334, SC 25038)
572 P2d 1030

Jeffrey M. Batchelor, of Gearin, Cheney, Landis, Aebi & Kelley, Portland, argued the cause and filed the briefs for appellant.

Paul J. Rask, Portland, argued the cause and filed the brief for respondent.

Before Tongue, Presiding Justice, and Bryson and Linde, Justices, and Gillette, Justice Pro Tempore.

PER CURIAM.

## PER CURIAM.

Defendant appeals from an order granting a new trial after a jury verdict in favor of the defendant in a personal injury case arising from a rear-end automobile accident. We affirm.

One of the two grounds on which the trial court granted the new trial was "because of the prejudicial nature of the questioning of defense counsel relative to the collateral benefit received by the plaintiff."

Plaintiff had a previous automobile accident in 1972 and had not worked since then. In this case she makes no claim for lost wages, but claims that her future earning capacity has been impaired by the injury suffered in this automobile accident. In support of her claim for impairment of earning capacity, plaintiff testified that her salary prior to the previous accident was "$600 plus fringe benefits," which she described as including "parking for my car, gasoline, and medical insurance, amounting to about $200 a month." Plaintiff also called her former employer, who testified to the same effect.

Defendant's attorney, on cross-examination of plaintiff's former employer, then elicited the fact that the "fringe benefits" included an insurance policy for not only hospital and doctor bills, but also for loss of wages. Instead of stopping at that point, however, Mr. Fewless persisted, despite objections which were sustained, to inquire whether plaintiff was "still drawing that"; whether "there was a fringe benefit that paid the payments on her automobile," and whether she knew "the amount that she was paid all together under these fringe benefits."

Plaintiff then moved for a mistrial. The trial judge stated that "to [him] it was an intentional attempt to insert a collateral source into this lawsuit," but that he was "going to overrule [the] motion for mistrial at this time" and "see what happens at the end." The trial

court later granted plaintiff's motion for a new trial upon that ground and one other ground.

This court has adopted the rule that evidence of collateral benefit is inadmissible in an action for damages for personal injuries. *See Reinan v. Pacific Motor Trucking Co.,* 270 Or 208, 213, 527 P2d 256 (1974), and cases cited therein. We agree with the trial court that the questions asked by defendant's attorney violated that rule and that the error resulting from such conduct was prejudicial and provided a proper basis for the granting of a new trial.

We do not agree with defendant's contention that this series of questions was proper "to elicit testimony which tended to prove that plaintiff's earning capacity was impaired prior to the accident with defendant."[1] Plaintiff's own evidence established the fact that her earning capacity had been impaired by the prior accident and was still impaired by it at the time of the accident. There was no issue on that subject. Neither do we agree with defendant's contention that plaintiff "opened up" the subject by her testimony that she received "fringe benefits" and that, as a result, any error was "invited error."

Affirmed.[2]

---

[1] *Black v. Nelson,* 246 Or 161, 424 P2d 251 (1967), cited by defendant in support of this contention, involved quite different facts and this court reversed the trial court for permitting defendant to inquire about medical insurance policies covering plaintiff.

[2] Because this case must be retried, at which time plaintiff may again move for summary judgment and a directed verdict on the issue of liability (the remaining ground on which the trial judge granted a new trial), we hold that the trial court did not err in denying those motions.

A third ground for plaintiff's motion for a new trial was that defendant's attorney improperly inquired about an insurance settlement of plaintiff's previous claims for injuries. This was improper. Because, however, plaintiff's attorney made no objection at that time and made no motion for a mistrial, the trial court did nor err in rejecting that ground for plaintiff's motion for a new trial.