Argued and submitted February 8, Court of Appeals reversed and trial court affirmed May 17, 1983

MINATO,
*Respondent on Review,*
*v.*
FERRARE,
*Petitioner on Review.*

(TC 79-472-L, CA A21705, SC 29103)

663 P2d 1240

Steven H. Pratt, Medford, argued the cause for petitioner on review. John B. Rogers, Medford, filed the brief for petitioner on review. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Pratt, Medford.

Thomas C. Howser, Ashland, argued the cause and filed the briefs for respondent on review. With him on the brief was Cottle, Howser & Cue, Ashland.

Before Lent, C. J., Peterson, Campbell, Roberts**, Carson and Jones, Justices.

CAMPBELL, J.

---

**Justice Roberts did not participate in this decision.

## CAMPBELL, J.

Plaintiff Minato was standing in the middle of a road when he was hit by defendant Ferrare's car. The issues presented by this case are whether the worker in the road doctrine is accepted in Oregon, and if a worker in the road is a pedestrian. We hold that the doctrine is no longer necessary and reverse the Court of Appeals.

The facts in this case are not in dispute. Minato worked on a private survey crew. At the time of the accident his job required him to hold a plumb bob over the centerline of the highway so that the surveyor in a nearby field could sight into the bob to find a section line. Ferrare did not see Minato and drove into him. Minato suffered serious injuries.

Minato asked the trial court to give following instruction:

"You are instructed that one whose duties of employment require that he work in or near a public street or highway is not required to exercise the high degree of care which might be exercised by a common pedestrian. In this regard you are to apply a standard of reasonable care to be expected of a person in such a position in light of all the circumstances."

The trial court did not give this instruction and the plaintiff excepted.

The trial court instructed the jury concerning the rules of the road applicable to pedestrians, including an instruction that a pedestrian must yield the right of way to vehicles on the roadway, and that plaintiff had this duty. Minato excepted to these instructions, arguing that because he was a worker in the road, these general pedestrian rules were inapplicable.

The jury assessed total damages of $113,500 and found Minato 45 percent at fault. Minato appealed, assigning as error the failure to give the worker in the road instruction and the giving of the instructions about the pedestrian rules of the road.

The Court of Appeals reversed. It held that it was not error to refuse to give the plaintiff's requested instruction concerning the worker in the road rule, although the worker in the road doctrine is accepted in Oregon, because the general

negligence instruction was adequate to describe the standard of care to be applied. However, it held that the instructions regarding the rules of the road for pedestrians should not have been given, because under the worker in the road doctrine a worker is not a pedestrian and thus is not bound by the general rules. We disagree.

## THE WORKER IN THE
## ROAD INSTRUCTION

The worker in the road doctrine evolved at common law, based on the recognition that a person who is necessarily in the street to do a certain job cannot do his job adequately and still maintain the usual standard of care required of pedestrians, especially in terms of maintaining a lookout. Because of the demands of the job and the amount of concentration the job requires, a worker in this situation is held to a lesser standard of care than the average pedestrian.

The only Oregon case to rely on the worker in the road doctrine was *Graves v. Portland etc. Power Co.,* 66 Or 232, 134 P 1 (1913). The plaintiff, employed by the United Railways Company to lay street-paving blocks, was struck and injured by a streetcar while he was working. Defendant claimed error in the giving of the instruction to the jury that said that a worker in the street does not need to exercise the same high degree of care required of an ordinary pedestrian. The court approved the instruction, holding that "those persons engaged in work upon the public streets are not called upon to exercise the same diligence in avoiding accidents as pedestrians who use the street merely as a medium of locomotion." 66 Or at 244. This rule was cited approvingly in *McCarty v. Hedges et al,* 212 Or 497, 518-519, 309 P2d 186, 321 P2d 285 (1958), even though the doctrine was not at issue. In that case the worker was near the ditch, rather than in the road.

We believe that the worker in the road doctrine developed in order to protect workers in the road from the harsh results of contributory negligence. In 1913, when the doctrine was recognized in Oregon, if the fact finder had found that a worker was not exercising the same degree of care required of an ordinary pedestrian, the fact finder probably would have found the worker contributorily negligent. This finding would have barred the worker from recovering any damages whatsoever. Courts recognized that it would be unjust to prevent an injured worker from collecting damages because he was paying

so much attention to his required employment that he could not maintain a sharp lookout. Because of this, the courts created the worker in the road doctrine, which lowered the duty of care required of the worker, and circumvented this complete bar to recovery.

■     This potential for injustice was eliminated when the Oregon Legislature adopted the law of comparative fault in 1971. Oregon Laws 1971, ch 668. Since the effective date of this statute, plaintiff's contributory negligence is not a complete bar to recovery, if the plaintiff's fault is no greater than the combined fault of the persons against whom recovery is sought. ORS 18.470. We hold that because the adoption of comparative fault eliminates the previous bar to recovery created by contributory negligence, the worker in the road doctrine is no longer necessary, and is hereby no longer recognized in Oregon.

The general negligence instruction[1] adequately explains the standard of care that the jury should consider. The question that the fact finders had to decide in this case was: Did Minato act reasonably when he stood in the center of the road as part of his job? His counsel certainly could argue that under these circumstances, Minato acted entirely reasonably.

## RULES OF THE ROAD INSTRUCTIONS

■     Minato contends that the trial court erred in giving six instructions concerning the statutory rules of the road for pedestrians. He argues that a worker in the road is exempt from these rules either because of the worker in the road doctrine or because a worker is not a pedestrian.

---

[1]

"In general, it is the duty of every person in our society to use reasonable care in order to avoid damage to himself or to another person in any situation in which it would be reasonably anticipated that a failure to use such care might result in such damage.

"Reasonable care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or others.

"Common law negligence, therefore, is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do, under the same or similar circumstances.

"The care should be in keeping with dangers, apparent or reasonably to be expected at the time and place in question, and not in the light of after effects or or hindsight."

In 1927 the legislature passed a bill to exempt workers on the road from some provisions of the motor vehicle act, including the pedestrian rules of the road.[2] This statute was changed slightly throughout the years but workers on the road continued to be exempt from pedestrian rules until 1967. Oregon Laws 1967, Chapter 488, section 2 restricted this previously broad exemption to only those persons working on construction or reconstruction flowing from a governmental contract.[3] The present form of the statute, ORS 487.045,[4]

---

[2] Oregon Laws 1927, ch 217, § 29:

"The provisions of this act applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles owned or operated by this state or any county, city, town, district or any other political subdivision of the state, subject to such specific exceptions as are set forth in this act. The provisions of this act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work."

[3]

"Section 2. ORS 483.032 is amended to read:

"483.032 (1) The provisions of ORS 483.002 to 483.048, 483.050 to 483.054, 483.102 to 483.140, 483.202 to 483.230, 483.302 to 483.318, 483.326 to 483.338, 483.362 to 483.366, 483.402 to 483.444, 483.446 to 483.456, 483.458, 483.538, 483.540, 483.602 to 483.612, 483.620, 483.990, 483.991 and 483.992 that are applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles owned or operated by the United States, this state or any county, city, district or any other political subdivision of the state, subject to such specific exceptions as are set forth in the motor vehicle laws of this state with reference to authorized emergency vehicles.

"(2) The provisions of the sections enumerated in subsection (1) of this section do not apply to persons, [teams,] motor vehicles and other equipment while [actually engaged in work above, below or upon] *operated within the immediate construction project, as described in the governmental agency contract, in the construction or reconstruction of* a street or highway, but shall apply to such persons and vehicles when traveling to or from such [work] *construction project.* (Deleted material bracketed, new material underlined.)

"(3) The provisions of this chapter with respect to equipment on vehicles do not apply to implements of husbandry, road machinery, road rollers or farm tractors, except where expressly made applicable."

The legislative history indicates that this bill was passed in response to *White Bros. v. Oregon State Police*, 246 Or 106, 424 P2d 221 (1967). The major thrust of the bill was to exempt from registration and licensing requirements certain overweight and overdimensioned vehicles. The portion that refers to exempting persons working on construction projects was added without any discussion. It is not clear that the legislature, while amending this bill, actually intended to make the rules of the road applicable to all other pedestrians; this, however, was the result of the amendment.

[4] ORS 487.045 states:

"Unless otherwise specifically provided, the provisions of chapter 451, Oregon Laws 1975, except those relating to a serious traffic offense, do not apply to

clearly does not exempt a person working on a private survey crew from the pedestrian rules of the road.

Minato does not argue that he is exempt from the pedestrian rules under ORS 487.045. He argues that he is exempt because the worker in the road doctrine not only changes the standard of care that a worker is judged by, but also exempts him from the pedestrian rules. He contends that this doctrine is judicially created law, codified in 1927 by the legislature, and was not revoked by implication when the legislature made these changes in 1967.

Minato's argument must fail, however, for he misunderstands the rationale and the effect of the worker in the road doctrine. This doctrine in Oregon changed the standard of care expected of the worker. It did nothing else. It is important to note that in 1913, when the first Oregon case recognized this doctrine, there were no codified rules of the road for pedestrians. In fact, the first statutory rule applicable to pedestrians was enacted in 1921.[5] It is unreasonable to suggest that the worker in the road doctrine made the pedestrian rules of the road inapplicable to workers, when there were no such pedestrian rules of the road at the time we recognized the doctrine. The legislature at one time chose to exempt all workers on the road from the pedestrian rules of the road. In 1967, it narrowed the class of exempt workers to only those involved in construction or reconstruction, and workers on a private survey crew were no longer exempt.

Minato's final argument is that he is not a "pedestrian" and thus the pedestrian rules of the road do not apply to

---

persons, motor vehicles and other equipment employed by the United States, this state, any county, city, district or other political subdivison or a public utility while on a highway and working or being used to service, construct, maintain or repair the facilities of the utility, or to persons, motor vehicles and other equipment while operated within the immediate construction project, as described in the governmental agency contract if there is a contract, in the construction or reconstruction of a street or highway when the work is being done in an area that is signed in accordance with the manual adopted under the provisions of ORS 487.853, but shall apply to such persons and vehicles when traveling to or from such facilities or construction project."

[5] Or Laws 1921, ch 371 §2(26).

him. In 1975 for the first time our legislature defined "pedestrian" as "any person afoot."[6] Minato urges us to interpret this definition as "a person afoot for the purposes of locomotion." While this could be an acceptable definition of "pedestrian" were there no statutory definition, in the present case there is a clear statutory definition, and we are bound by it. *Whipple v. Howser*, 291 Or 475, 481-482, 632 P2d 782 (1981). Minato urges us to consider a line of cases from Washington, exemplified by *Bradley v. Maurer*, 17 Wash App 24, 560 P2d 719 (1977), that have taken the course he suggests. However, we agree with *Dailey v. Lange*, 20 Wash App 12, 578 P2d 1322, 1324 (1978), where the court described this interpretation as "judicial license." If our legislature had intended to exempt private survey crews from these pedestrian rules, past statutes are proof that it knew how to accomplish this. This interpretation would also allow people standing by the side of a road waiting for a ride, or children playing near or in the street to be defined as non-pedestrians, because they would not be "afoot for purposes of locomotion." We decline to resort to creative interpretation of unambiguous language.[7]

Minato also argues that if we find workers on the road are in fact pedestrians, this leads to an absurd result. It is indeed strange that a member of a survey team, perhaps making the survey to fulfill statutory requirements,[8] could be in violation of pedestrian statutes. However, interpreting "pedestrian" as "any person afoot for the purpose of locomotion" can also lead to an absurd result. By this interpretation, Minato would have been a pedestrian when he was walking to get to the center of the road, become a non-pedestrian when he was standing in the center of the road, and then resumed his pedestrian identity walking away from the center of the road. This result would be even more absurd.

---

[6] Or Laws 1975, ch 451 § 2(13). The present statute, ORS 487.005(14), is substantially the same:

" 'Pedestrian' means any person afoot or confined to a wheelchair."

[7] *See* cases cited at 30 ALR2d 866, 876, §6, *Who is a pedestrian with respect to rights given and duties imposed by traffic rules and regulations.* We believe we are foreclosed from defining "pedestrian" as is done in those cases because of the Oregon statutory definition.

[8] *See* ORS 92.050 et seq.

We hold that it was not error to refuse to give the instruction describing the lower degree of care required of a worker in the road, because we hold the worker in the road doctrine is no longer necessary, and the general negligence instruction is sufficient to tell the jury the applicable standard of care it should consider. It was not error to give the instructions on the pedestrian rules of the road, and to instruct the jury that Minato, if he violated these rules, might be statutorily negligent.[9]

The Court of Appeals is reversed and the trial court is affirmed.

---

[9] The court instructed the jury that "a violation of a statute or ordinance by a party constitutes negligence in and of itself unless you find from all of the evidence that such party has established that he was acting reasonably and prudent under the circumstances." This instruction allows a jury to find that even if a worker was in violation of the pedestrian rules of the road, he was still acting reasonably under the circumstances.

*See Barnum v. Williams,* 264 Or 71, 78, 504 P2d 122 (1972); Uniform Jury Instruction No. 10.03.