Argued and submitted April 6, affirmed October 17, 1990, reconsideration denied February 13, petition for review denied March 19, 1991 (311 Or 222)

Marian DeYOUNG,
*Appellant,*

*v.*

Victor Curly FALLON,
*Respondent.*

(86-1122C; CA A61719)

798 P2d 1114

Roger Tilbury, Portland, argued the cause for appellant. With him on the briefs was Roch Steinbach, Portland.

Carrell F. Bradley, Hillsboro, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., concurring in part; dissenting in part.

## ROSSMAN, J.

This is an action for damages resulting from injuries incurred by plaintiff when defendant struck her, knocking her to the pavement. Plaintiff appeals a judgment entered in her favor, arguing that the trial court erred in withdrawing her claim for gross negligence from the jury.[1] We affirm, because, although the trial court committed error, it was harmless.

Plaintiff's complaint alleged that defendant's daughter asked plaintiff to help her jump start a friend's automobile, which had stalled in a parking lot. As plaintiff was connecting her car battery to the one in the stalled vehicle, defendant drove up in his pickup truck, jumped out and approached her, shouting, cursing and making threatening statements. When he reached her, she slapped him, allegedly in self-defense. Defendant responded by striking her on the jaw, which knocked her to the ground, where she momentarily lost consciousness. She sustained injuries requiring surgical replacement of the discs in her jaw and medical expenses of more than $33,000.

Plaintiff alleged simple negligence, gross negligence, assault and battery and "accidental use of excessive force." As a defense, defendant alleged comparative fault. The trial court granted defendant's motions for directed verdicts on plaintiff's claims of gross negligence and accidental use of excessive force and submitted the case to the jury only on simple negligence and assault and battery. After finding defendant liable for simple negligence but not for assault and battery, the jury awarded plaintiff $5,000 in damages. However, it found that her comparative fault was 50 percent, leaving a judgment of $2,500.

---

[1] Plaintiff also argues that the trial court erred in denying her motion for a new trial on the ground that she was prejudiced by defense counsel's injecting evidence of plaintiff's insurance coverage into the proceedings. Plaintiff is correct in asserting that collateral benefit evidence is inadmissible in a personal injury action. ORS 18.580(2); *Philpott v. Jordan*, 280 Or 803, 806, 572 P2d 1030 (1977). However,

"when a party has knowledge during a trial of irregularity or misconduct, he must assert his right to a mistrial immediately. He has no right to gamble on the outcome of the case and to avail himself of the irregularity or misconduct if a decision is adverse to him." *Raymond v. Southern Pacific Co.*, 259 Or 629, 637, 488 P2d 460 (1971).

The record indicates that plaintiff's counsel made a conscious decision not to move for mistrial when the irregularity occurred. Having made that choice, plaintiff must live with it.

Plaintiff argues that the trial court erred in withdrawing her claim for gross negligence from the jury. According to plaintiff, gross negligence is a recognized claim. By withdrawing it, she contends, the court placed her in the position of having to prove either that defendant struck her with the intent to hurt her, thus committing assault and battery, or that he struck her accidentally, thus committing only a negligent act. She could *not* recover, however, by proving that defendant intended the blow but not the harm that it caused, *i.e.,* that he had been grossly negligent. She asserts that the trial court's ruling forced her to fit the facts of her case, which proved gross negligence, into a less appropriate theory, thus confusing the jury.

■ ■ We agree that it was error to withdraw the gross negligence claim from the jury. Contrary to the trial court's conclusion, gross negligence and ordinary negligence are different claims for relief. *Fassett v. Santiam Loggers, Inc.,* 267 Or 505, 508, 517 P2d 1059 (1973). That remains true despite the enactment of ORS 18.470,[2] the comparative negligence statute. *Johnson v. Tilden,* 278 Or 11, 17, 562 P2d 1188 (1977). Moreover, there was evidence to support plaintiff's claim for gross negligence. The trial court denied defendant's motion for directed verdicts on plaintiff's claims for assault and battery and ordinary negligence. There was evidence from which the jury could decide either that defendant intentionally caused plaintiff's harm or that he unintentionally caused it. Because the fault required for gross negligence falls between that required for battery and ordinary negligence, there had to have been evidence to support the theory that defendant had acted with reckless disregard, *i.e.,* that he was grossly negligent. Plaintiff was entitled to present that theory of the case to the jury. *See Fassett v. Santiam Loggers, Inc., supra.*

■ Given that plaintiff succeeded on her claim for simple negligence, the question arises whether the error was

---

[2] ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

harmless. Plaintiff points out that, pursuant to ORS 18.470, her recovery under the theory of ordinary negligence was reduced by 50 percent, the amount of fault that the jury attributed to her.[3] She argues that comparative fault does not apply to gross negligence claims. The trial court's error was prejudicial, she contends, because it prevented her from recovering under a theory that is not subject to the comparative fault statute.

The problem with that argument is that Oregon's comparative fault statute *does* apply in actions based on gross negligence.[4] In *Johnson v. Tilden, supra,* the Supreme Court considered whether ORS 18.470 provided for a diminished recovery by contributorily negligent plaintiffs in actions governed by the then version of the guest-passenger statute, ORS 30.115 *(amended by* Or Laws 1979, ch 886, section 7).[5] Under that statute, a guest passenger could recover from the owner or operator only if the accident was intentional on the part of the owner or operator or was caused by his gross negligence or intoxication. The Supreme Court resolved the issue by considering whether the legislature intended the comparative fault statute to apply to gross negligence actions in general.

In tracing the legislative history of ORS 18.470, the court first noted that the statute originally applied only in actions "to recover damages for *negligence.*" In 1975, however, the legislature deliberately changed that. The court explained:

"The original version of SB 797, which was enacted into

---

[3] Plaintiff speculates that jury confusion accounts for the size of the judgment awarded her. We reject that contention, because the jury made separate findings on the issues of defendant's negligence and plaintiff's damages.

[4] Plaintiff correctly cites *Ryan v. Foster & Marshall, Inc.,* 556 F2d 460 (9th Cir 1977), for the proposition that a plaintiff's comparative negligence cannot be used to offset a defendant's gross negligence under ORS 18.470. The court in *Ryan,* however, decided the issue in the belief that "[t]he Supreme Court of Oregon has not yet spoken on the point." 556 F2d at 465. Apparently, it was unaware of *Johnson v. Tilden, supra.*

[5] When *Johnson,* was decided, ORS 30.115 provided, in pertinent part:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication."

The statute was subsequently amended to apply only in actions involving aircraft or watercraft. Or Laws 1979, ch 866, § 7.

law as 1975 Oregon Laws ch 599, would have amended ORS 18.470 as follows:

" 'Contributory negligence, including assumption of the risk, shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence contributing to the injury was not [as great as] greater than the negligence or gross negligence of the person or persons against whom recovery is sought * * *.' (Bracketed material deleted; underlined material added.)

"On recommendation of the House Judiciary Committee SB 797 was revised to include the present provisions of ORS 18.470. As part of this revision, the reference to 'negligence or gross negligence' was deleted and replaced by the reference to defendant's 'fault.' "

The court then stated:

"It is our opinion that *SB 797 was intended from the outset to provide that comparative fault principles were to apply in actions premised on gross negligence,* and that the revision which substituted the term 'fault' for the reference to 'negligence or gross negligence' was designed not to exclude actions based on gross negligence, but rather to include such actions, as well as any other actions based on tortious conduct, however described, in which contributory negligence is an appropriate defense." 278 Or at 16-17. (Emphasis supplied.)

The court was unequivocal in holding that comparative fault does apply in actions based on gross negligence.[6]

According to the dissent, the *Johnson* court's language shows that it understood that the legislature intended to include only those actions based on tortious conduct *in which contributory negligence is an appropriate defense.*[7] 104 Or App

---

[6] That conclusion finds support in *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 608, 642 P2d 624 (1982), where the Supreme Court quoted with approval the observations of the Supreme Judicial Court of Maine on comparative fault:

"[C]omparison is invited between degrees of fault which may range from trivial inadvertence to the grossest recklessness. * * * Negligence ranges from the least blameworthy type, namely, inadvertence and negligent errors of judgment up to a state where knowledge or more complete knowledge supervenes and the negligence of obstinacy, self-righteousness or reckless [sic] is reached. * * * *Wing v. Morse,* 300 A2d 491, 500 (Me 1973)."

[7] Read in the context of the complete opinion, the emphasized language refers to "any other actions based on tortious conduct, however described," not to "actions based on gross negligence."

at 73. A careful reading of the case, however, demonstrates otherwise. The court specifically found a clear "legislative intent to extend comparative fault treatment to actions based on gross negligence." 278 Or at 18. It further stated that "the members of the [House] [C]ommittee [on the Judiciary] were aware that guest passenger cases were *among* those actions." 278 Or at 18. (Emphasis supplied.) Those passages leave no doubt that, in the Supreme Court's view, an action under the guest-passenger statute was simply one of several types of claims for gross negligence, all of which were subject to the comparative fault defense in ORS 18.470. It follows that plaintiff would not have escaped application of that defense by recovering under a gross negligence theory.[8]

Affirmed.

**BUTTLER, P. J.**, concurring in part; dissenting in part.

I concur in the majority's decision, except its holding that the granting of defendant's motion for a directed verdict on plaintiff's gross negligence count was harmless error. The error was prejudicial, because the jury attributed 50 percent of the fault to plaintiff, resulting in a judgment for her for only 50 percent of the amount that the jury found to be her damages.

Before the comparative fault statute, ORS 18.470, was enacted, contributory negligence was not a defense to a tort claim based on gross negligence. *Fassett v. Santiam Loggers, Inc.*, 267 Or 505, 517 P2d 1059 (1973). An exception to that rule, and the only exception, so far as I know, was that a plaintiff's contributory negligence was a complete bar to an

---

[8] The Supreme Court has made it clear that application of comparative fault is not confined to actions in which the contributory negligence of the plaintiff was formerly a complete bar to recovery. In *Minato v. Ferrare*, 295 Or 22, 663 P2d 1240 (1983), the court discussed the "worker in the road doctrine," under which the standard of care was lowered, thus permitting workers to recover in spite of their contributory negligence. The court reasoned that the doctrine was developed to circumvent the harsh effect of contributory negligence as a complete bar to recovery. It concluded:

"This potential for injustice was eliminated when the Oregon Legislature adopted the law of comparative fault in 1971. Oregon Laws 1971, ch 668. * * * We hold that because the adoption of comparative fault eliminates the previous bar to recovery created by contributory negligence, the worker in the road doctrine is no longer necessary, and is hereby no longer recognized in Oregon." 295 Or at 26.

The same reasoning applies to the rule that a plaintiff's ordinary negligence is no bar to recovery for gross negligence.

action under the guest-passenger statute. *Former* ORS 30.115. Under that statute, a guest passenger in an automobile could not recover from the owner or operator, unless the injury was intentional by the owner or operator or was caused by his gross negligence or intoxication. In *Zumwalt v. Lindland,* 239 Or 26, 396 P2d 205 (1964), the court reasoned that, because the legislature intended by enactment of the statute to afford substantial protection to host drivers, the legislature intended that contributory negligence by a passenger be a defense to a host's gross negligence.

After comparative fault became the law, the Supreme Court was asked to decide whether it applies to cases governed by the guest-passenger statute. The court reviewed the legislative history of ORS 18.470 and concluded:

> "It is our opinion that [ORS 18.470] was intended from the outset to provide that comparative fault principles were to apply in actions premised on gross negligence, and that the revision which substituted the term 'fault' for the reference to 'negligence or gross negligence' was designed not to exclude actions based on gross negligence, but rather to include such actions, as well as any other actions based on tortious conduct, however described, *in which contributory negligence is an appropriate defense." Johnson v. Tilden,* 278 Or 11, 17, 562 P2d 1188 (1977). (Emphasis supplied.)

It seems clear that the court's conclusion was that the amended statute was intended to include any actions based on tortious conduct, however described, *in which contributory negligence is an appropriate defense.* Given that conclusion, and because contributory negligence had been held to be a defense under the guest-passenger statute, the court held that, under ORS 18.470, "ordinary contributory negligence on the part of a guest passenger will remain a partial defense, one which results in a diminished recovery rather than in no recovery at all." 278 Or at 18.

I do not agree with the majority that that case holds that the legislature intended to extend comparative fault to all actions based on gross negligence. 104 Or App at 69. My conclusion is buttressed by the last sentence of ORS 18.470, which the majority ignores: "This section is not intended to create or abolish any defense." To apply the section to actions based on gross negligence, to which contributory negligence was not a defense before the statute was enacted, would be to

create a defense that did not exist before the statute was enacted. Accordingly, I would hold that the granting of a directed verdict on plaintiff's gross negligence claim was prejudicial error.

Because I cannot say that the jury would have found that defendant was grossly negligent, I would reverse and remand.